UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMBERLY JO MOORE FITZHENRY,

    Plaintiff,

v.                                                      Case No. 8:19-cv-161-T-AEP

ANDREW M. SAUL,[1]
Commissioner of Social Security,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court on Plaintiff's Uncontested Petition for EAJA Fees Pursuant to 28 U.S.C. § [2412](d) (Doc. 31). By the motion, Plaintiff seeks attorney's fees in the amount of $8,068.49 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. On October 8, 2019, this Court entered an Order granting the Unopposed Amended Motion for Entry of Judgment with Remand (Doc. 28), reversing and remanding the case to the Commissioner for further administrative proceedings (Doc. 29). The Clerk entered judgment in favor of Plaintiff thereafter (Doc. 30). Accordingly, as the prevailing party, Plaintiff now requests an award of fees. *See* 28 U.S.C. § 2412(d)(1)(A); *cf. Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party).

The Commissioner does not oppose the requested relief. After issuance of an order awarding EAJA fees, however, the United States Department of the Treasury will determine

---

[1] Andrew M. Saul is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul should be substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

whether Plaintiff owes a debt to the government. If Plaintiff has no discernable federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay the fees directly to Plaintiff's counsel. For the reasons set out in Plaintiff's motion, therefore, it is hereby

ORDERED:

1. Plaintiff's Uncontested Petition for EAJA Fees Pursuant to 28 U.S.C. § [2412](d) (Doc. 31) is GRANTED.

2. Plaintiff is awarded fees in the amount of $8,068.49. Unless the Department of Treasury determines that Plaintiff owes a federal debt, the government must pay the fees to Plaintiff's counsel in accordance with Plaintiff's assignment of fees (Doc. 31, Ex. A).

DONE AND ORDERED in Tampa, Florida, on this 10th day of December, 2019.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:     Counsel of Record